| **White Oak Commerical Fin., LLC v Boone** |
|:---:|
| 2024 NY Slip Op 31859(U) |
| May 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655842/2023 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. MELISSA A. CRANE** | PART | **60M** |
| | *Justice* | | |

--------------------------------------------------------------------X

WHITE OAK COMMERCIAL FINANCE, LLC,

                Plaintiff,

           - v -

BRUCE S. BOONE, MEREDITH BOONE, S&B TRUST

              Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655842/2023 |
| MOTION DATE | 02/20/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 24, 25, 26, 27, 29, 30, 31, 32

were read on this motion to/for          JUDGMENT - SUMMARY IN LIEU OF COMPLAINT.

Upon the foregoing documents, it is

Plaintiff originally filed this motion for summary judgment in lieu of complaint in November 2023. The individual defendants then filed for bankruptcy in January 2024, and the court stayed this action (Doc 24 [letter], Doc 28 [order staying case]). The bankruptcy was dismissed, and the stay was lifted in February 2024 (Doc 29 [letter], Doc 33 [order]). The individual defendants then filed a successive bankruptcy petition that terminated automatically on May 15, 2024 (Doc 38 [letter], Doc 40 [bankruptcy order]).

Plaintiff's CPLR 3213 motion is unopposed. None of the defendants have joined issue, appeared in this case, or submitted any opposition papers.

CPLR 3213 provides for accelerated judgment where the instrument sued upon is for the payment of money only and the right to payment can be ascertained from the face of the document without regard to extrinsic evidence, "other than simple proof of nonpayment or a similar *de minimis* deviation from the face of the document" (*Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]; *see Arbor-Myrtle Beach PE LLC v Frydman*, 2021 NY Slip Op.

---

**655842/2023 WHITE OAK COMMERCIAL FINANCE, LLC vs. BOONE SR., BRUCE S. ET AL**
**Motion No. 001**

Page 1 of 4

[* 1]

30223[U], 2 [Sup Ct, NY County 2021], *affd* 2022 NY Slip Op. 00806 [1st Dept 2022]).

Generally, an action on a guaranty is an action for payment of money only (*see e.g. Cooperative Centrale Raiffesisen-Boerenleenbank, B.A., "Rabobank Intl.," N. Y. Branch v Navarro*, 25 NY3d 485, 492 [2015]) ("*Cooperative Centrale*").

The same standards that apply to motions for summary judgment under CPLR 3212 apply to CPLR 3213 motions. Movant must make a prima facie case by submitting the instrument and evidence of the defendant's failure to make payments in accordance with the instrument's terms (*see Weissman*, 88 NY2d at 444; *Matas v Alpargatas S.A.I.C.*, 274 AD2d 327, 328 [1st Dept 2000]).

Here, the underlying debt arises from the Debtor-in-possession Loan and Security Agreement entered into by nonparty JJB D.C. Inc. and plaintiff (Doc 7). Plaintiff extended a revolving credit [up to $13.5 million] to JJB, and the defendant's guarantied that credit. In August 2022, the individual defendants executed an Amended and Restated Unlimited General Performance Guaranty (Doc 5) in plaintiff's favor. Also in August 2022, the trust defendant executed a Guaranty in plaintiff's favor (Doc 6). In both guaranties, defendants "unconditionally and absolutely guarantee[d] to [plaintiff] (A) the due and punctual payment and performance when due of all Obligations and any and all other monies and amounts due or which may become due on . . . any and all of the Credit Documents" (Doc 5, para 1; *see also* Doc 6, para 1 [same]). Both guaranties state: "This Guaranty is a guaranty of payment and not a guaranty of collection" (*see id.*, para 2).

Plaintiff has established that the borrower [JJB] defaulted under the DIP loan agreement credit agreement and owes plaintiff $12,961,910.73 for unpaid principal (*see* Doc 4 [Dean aff.], para 57-62; *see also* Doc 8 [account statement]). Plaintiff has also

**655842/2023 WHITE OAK COMMERCIAL FINANCE, LLC vs. BOONE SR., BRUCE S. ET AL**    **Page 2 of 4**
**Motion No. 001**

2 of 4

established that it is entitled to interest at the default rate set forth in the DIP Agreement from November 1, 2023 until entry of judgment. The DIP Agreement's default rate is equal to "the sum of (a) the Base Rate then in effect, plus (b) 2.00% per annum" (Doc 7, pg 9). The "Base Rate" under that Agreement is "an interest rate equal to the sum (a) of the ABR Index Rate, plus (b) the Applicable Margin in effect from time to time, per annum" (*id.*, pg 7). The DIP Agreement states:

> "ABR Index Rate" means the rate of interest last quoted by The Wall Street Journal as the "Prime Rate" in the U.S. or, if The Wall Street Journal ceases to quote such rate, the highest per annum interest rate published by the Federal Reserve Board in Federal Reserve Statistical Release H.15 (519) (Selected Interest Rates) as the "bank prime loan" rate or, if such rate is no longer quoted therein, any similar rate quoted therein (as reasonably determined by the Lender) or any similar release by the Federal Reserve Board (as reasonably determined by the Lender)"

(Doc 7, pg 7).

The DIP Agreement further states that "Applicable Margin" "means, as of any date of determination, five percent (5.0%) per annum" (*id.*). In his affidavit, Dean states that the Prime Rate at the time of the default was 8.5% (*see* Doc 4, para 68 ["The Prime Rate in the United States as quoted by the Wall Street Journal as of October 2023, and currently, is 8.5%. See The Financial Forecast Center, https://www.forecasts.org/prime.htm (October 2023); Wall Street Journal, Markets, https://www.wsj.com/market-data/bonds/moneyrates (November 2023)."]).

Thus, the default rate under the DIP Agreement was 15.5% per annum (8.5% + 5.00% + 2%).

While Plaintiff is also entitled to collect its reasonable attorneys' fees and costs under the agreements, there is no evidence in the record to demonstrate the amount of

[* 3]                                            3 of 4

fees or costs plaintiff has incurred. Accordingly, the request for fees and enforcement costs is denied.

Accordingly, it is

ORDERED that the motion for summary judgment in lieu of complaint is granted in part, absent opposition, and the Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $12,961,910.73, together with interest at the contractual "Default Rate" of 15.5% from November 1, 2023 until the date of this decision and order, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that the motion is otherwise denied; and it is further

ORDERED that the Clerk is directed to mark this case disposed.

| 5/20/2024 | | MELISSA A. CRANE, J.S.C. |
| DATE | | |

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655842/2023   WHITE OAK COMMERCIAL FINANCE, LLC vs. BOONE SR., BRUCE S. ET AL      Page 4 of 4
Motion No. 001

4 of 4